## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Jamie Oliver, | Civil No.: _____ |
| Plaintiff, | |
| v. | |
| Capital Management Services, LP, and Jane Doe, | **COMPLAINT** |
| Defendants. | |
| | **JURY TRIAL DEMANDED** |

### JURISDICTION

1.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d) and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.  This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and Minnesota's Automatic Dialing-Announcing Devices statute, Minn. Stat. 325E.26-31 by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

3.  Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4.   Plaintiff Jamie Oliver is a natural person who resides in the City of Farmington, County of Dakota, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. §§ 1692k(a).

5.   Defendant Capital Management Services, LP (hereinafter "Defendant CMS") is a collection agency operating from an address of 726 Exchange Street, Suite 700, Buffalo, NY 14210, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6.   Defendant Jane Doe (hereinafter "Defendant Doe") is a natural person who was employed at all times relevant herein by Defendant CMS as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7.   In or around 2008, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a personal Credit Card debt with Barclays Group, in the approximate amount of $1,415.31.

8.   Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

## *March 16, 2012 Illegal Collection Communication*

9.     On or about March 16, 2012, Defendant CMS's collector, Defendant Doe, contacted Plaintiff by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

10.    Defendant Doe left a prerecorded message with a synthesized voice on his cellular telephone.

11.    Defendant Doe's call originated from telephone number (866) 472-3850.

12.    Defendant Doe's message stated that it was for Plaintiff.

13.    Defendant Doe's message stated if [the listener] was not Plaintiff, the listener was to hang up and disconnect.

14.    Defendant Doe's message stated if [the listener] was Plaintiff, he should continue to listen to this message.

15.    Defendant Doe's message stated that by continuing to listen to the message, Plaintiff acknowledged that he was Plaintiff.

16.    Thereafter the message and call ended.

17.    During this call, Defendant CMS's collector, Defendant Doe, failed to provide Plaintiff with the notices required by 15 U.S.C. § 1692e(11), namely, by failing to advise Plaintiff that the calls were from a debt collector or that they were attempting to collect a debt.

18.   The above-described collection communication made to Plaintiff by Defendant was made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10), and 1692f, amongst others.

### *March 21, 2012 Illegal Collection Communication*

19.   On or about March 21, 2012, Defendant CMS's collector, Defendant Doe, again contacted Plaintiff by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

20.   Defendant Doe again left a prerecorded message with a synthesized voice on his cellular telephone.

21.   This time, Defendant Doe's call originated from telephone number (888) 653-2382.

22.   Defendant Doe's message again stated that it was for Plaintiff.

23.   Defendant Doe's message again stated if [the listener] was not Plaintiff, the listener was to hang up and disconnect.

24.   Defendant Doe's message again stated if [the listener] was Plaintiff, he should continue to listen to this message.

25.   Defendant Doe's message again stated that by continuing to listen to the message, Plaintiff acknowledged that he was Plaintiff.

26.   Thereafter the message and call ended.

27.   During this call, Defendant CMS's collector, Defendant Doe, again failed to provide Plaintiff with the notices required by 15 U.S.C. § 1692e(11), namely, by failing to advise Plaintiff that the calls were from a debt collector or that they were attempting to collect a debt.

28.   The above-described collection communication made to Plaintiff by Defendant was again made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10), and 1692f, amongst others.

### *Autodialer Violations*

29.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30.   Defendants employed an "automatic dialing-announcing device" as that term is defined by Minn. Stat. § 325E.26 Subd. 2.

31.   Defendants used this device to disseminate a prerecorded or synthesized voice message to Plaintiffs telephone number.

32.   Defendant is a "caller" as that term is defined by Minn. Stat. § 325E.26 Subd. 3.

33.   Plaintiff was a "subscriber" as that term is defined by Minn. Stat. § 325E.26 Subd. 5.

34.    At no time did Plaintiff, as a subscriber, have a current or previous personal or business relationship with Defendants.

35.    At no time to Plaintiff, as a subscriber, knowingly or voluntary request, consent, permit, or authorized the receipt of Defendants messages by automatic dialing-announcing device.

36.    These illegal messages were communications in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, and 1692f, amongst others.

### *Summary*

37.    All of the above-described collection communications made to Plaintiff by each individual Defendant and other collection employees employed by Defendant CMS, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

38.    During their collection communications, Defendants and these individual debt collectors employed by Defendant CMS repeatedly failed to provide Plaintiff with the notices required by 15 U.S.C. § 1692e(11), in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d, 1692e, 1692e(2), 1692e(10), 1692e(11), and 1692f, amongst others.

*Respondeat Superior Liability*

39.     The acts and omissions of these individual Defendants, and the other debt collectors employed as agents by Defendant CMS who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant CMS.

40.     The acts and omissions by these individual Defendants and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant CMS in collecting consumer debts.

41.     By committing these acts and omissions against Plaintiff, these individual Defendants and these other debt collectors were motivated to benefit their principal, Defendant CMS.

42.     Defendant CMS is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in their attempts to collect this debt from Plaintiff.

## **TRIAL BY JURY**

43.     Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

44.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45.  The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

46.  As a result of each Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

## COUNT II.

## VIOLATIONS OF MINNESOTA'S AUTOMATIC DIALING-

## ANNOUNCING DEVICES STATUTE

## MINN. STAT. § 325E.27-30

47.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48.   The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of Minnesota's Automatic Dialing-Announcing Devices statute including, but not limited to, each and every one of the above-cited provisions of Minn. Stat. § 325E.27-30, with respect to Plaintiffs.

49.   Plaintiffs are therefore entitled to damages and Plaintiffs' attorney's fees, and costs of investigation pursuant to Minn. Stat. § 325E.30, and § 8.31 subd. 3a.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant and for Plaintiff;

## COUNT II.

## VIOLATIONS OF MINNESOTA'S AUTOMATIC DIALING-

## ANNOUNCING DEVICES STATUTE

## MINN. STAT. § 325E.27-30

- for an award of damages from each Defendant as a result of violations of Minn. Stat. § 325E.27-30.

- for an award of Plaintiffs' attorney's fees, costs of investigation, and costs pursuant to Minn. Stat. § 325E.30 and Minn. Stat. § 8.31 Subd. 3a; and

- for such other and further relief as may be just and proper.

Dated: November 29, 2012

Respectfully submitted
**BARRY, SLADE, WHEATON & HELWIG, LLC**

By:  **s/Christopher S. Wheaton**
Christopher S. Wheaton, Esq.
Attorney I.D.#0389272
2701 University Avenue SE, Suite 209
Minneapolis, Minnesota 55414
Telephone:  (612) 379-8800
Facsimile: (612) 605-2102
cwheaton@lawpoint.com

csw/ko

**Attorney for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA                    )
                                      ) ss
COUNTY OF HENNEPIN                    )

Pursuant to 28 U.S.C. § 1746, Plaintiff Jamie Oliver, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ____11____  ___29___, __2012__
                Month        Day        Year

_____
                              Signature